IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON Y. TERUYA, PRO SE | ) | CIVIL NO. 13-00003 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING AMENDED |
| vs. | ) | COMPLAINT; ORDER DENYING |
| | ) | MOTION FOR JUDGMENT AS A |
| BAE SYSTEMS HAWAII SHIPYARDS, | ) | MATTER OF LAW AND MOTION FOR |
| MR. JAMES P. ALECCIA, ESQ., | ) | WRIT OF EXECUTION |
| and MR. ERNESTO JOSE, JR. – | ) | |
| INSURANCE AGENT | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING AMENDED COMPLAINT;
ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW
AND MOTION FOR WRIT OF EXECUTION**

I.        INTRODUCTION

On January 2, 2013, Plaintiff, Jason Y. Teruya, proceeding *pro se*, filed the original Complaint in this matter. See ECF No. 1.  Teruya filed an Amended Complaint on January 7, 2013.  See ECF No. 9.  Teruya alleges that Defendants BAE Systems Hawaii Shipyards ("BAE Systems"), James P. Aleccia, and Ernesto Jose, Jr., failed to comply with Enumerated Order No. 2 in Administrative Law Judge Gerald M. Etchingham's Decision and Order Awarding Benefits, dated December 2, 2010, and the Decision and Order by the Benefits Review Board of the United States Department of Labor.  Those orders awarded Teruya benefits under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 901, et seq., for a back injury he had sustained while employed by BAE Systems.

On May 7, 2013, Defendants moved to dismiss Teruya's Amended Complaint for failure to state a claim upon which relief can be granted.  See Defs. Mot. to Dismiss, ECF No. 34.  On May 13, 2013, Teruya filed a Motion for a Writ of Execution.  See Mot. for a Writ of Execution.  On May 24, 2013, Teruya also filed a Motion for Judgment as a Matter of Law.  See Mot. for J. as a Matter of Law.[1]  Defendants filed a Memorandum in Opposition to Teruya's Motion for a Writ of Execution on May 31, 2013.  See Mem. in Opp'n to Pl.'s Mot. for a Writ of Execution, ECF No. 39. This court now grants Defendants' Motion to Dismiss and denies Teruya's motions.

**II.      BACKGROUND**

Teruya was employed by BAE Systems.  See Defs. Mot. to Dismiss, ECF No. 34 at 2.  Aleccia is an attorney who defended BAE Systems in Teruya's worker's compensation claim dispute before the United States Department of Labor, Office of Administrative Law Judges, and related proceedings.  Id.  Jose

---

[1]  Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a motion for judgment as a matter of law may be made during trial at any time before a case is submitted to a jury, but the motion can only be made once the opposing party has presented its case at trial.  The court construes Teruya's Motion for Judgment as a Matter of Law as his opposition to Defendants' Motion to Dismiss.

was the insurance adjuster responsible for adjusting Teruya's workers' compensation claim on behalf of BAE Systems. Id.[2]

On September 8, 2005, Teruya injured his back while pulling an ice machine onto the bed of a truck. See Decision and Order Awarding Benefits of the Administrative Law Judge Gerald M. Etchingham ("Decision and Order"), attached as Exhibit "A" to ECF No. 1 at 4. Teruya took a two-day leave from work and filed an accident report on returning to work on September 13, 2005. Id. He then went to Concentra Medical Centers and was diagnosed with an acute lumbar strain. Id. Teruya returned to work with restrictions relating to the repetitive lifting of over twenty pounds and the pushing or pulling of over twenty pounds of force. Id.

Teruya continued to seek medical care between September 16, 2005, and June 7, 2010. Id. at 5-10. During his medical visits, doctors noted that Teruya had a good range of motion throughout his low back, while documenting his discomfort when he bent forward or carried heavy objects. During this period, doctors also modified the restrictions on Teruya's work activities several times in accordance with Teruya's symptoms. Id.

---

[2] Neither Aleccia nor Jose is even alleged to be involved with handling ongoing payments to Teruya. Although Teruya names them as Defendants, he fails to state any claim against them with respect to which this court could grant him any relief.

On October 13, 2005, a physician referred Teruya for
rehabilitation at Comprehensive Health and Active Rehabilitation
Training ("CHART").  Id. at 5.  Teruya initially reported that
some rehabilitation activities worsened his symptoms.
Approximately one month later, Teruya informed physicians that he
was going to stop attending rehabilitation because he felt that
it had not been beneficial.  Id. at 6.  On May 4, 2006, Teruya
informed a physician that he was no longer taking any
medications.  Id. at 7.

On January 6, 2006, Teruya injured his right hand at
work while picking up his tool bag.  Id. at 10.  Dr. Melvin Yee
diagnosed Teruya with mild carpal tunnel syndrome on February 28,
2006.  From April 13, 2006, to June 7, 2010, Teruya continued to
visit physicians for examinations of his hand.  Id. at 10-11.
During this time, physicians, determining that Teruya had full
range of motion in his hand, found no symptoms consistent with
carpal tunnel syndrome.  Id.

Teruya and BAE Systems appeared at hearings in
Honolulu, Hawaii, on July 26 and 28, 2010, before Administrative
Law Judge Gerald M. Etchingham.  See Defs. Mot. to Dismiss, ECF
No. 34.  At the administrative hearings, both parties agreed that
Teruya had reached maximum medical improvement on February 9,
2006, and that Teruya's low back injury was permanent in nature.
Decision and Order, attached as Exhibit "A" to ECF No. 1 at 18.

4

Judge Etchingham found that Teruya was entitled to temporary disability benefits and permanent partial disability benefits resulting from his back injury, and that he had a residual wage-earning capacity of $517.60. Id. at 23. Teruya was also entitled to future medical benefits for his low back injury and reimbursement of his litigation costs. Id. at 24-25. Judge Etchingham ordered BAE Systems to pay Teruya permanent partial disability benefits of $250.67 weekly for 104 weeks beginning on February 9, 2006. Then, "[b]eginning in week 105 from February 9, 2006, and continuing, the Special Fund shall pay Claimant permanent partial disability benefits at the weekly compensation rate of $250.67." Id. at 27. Judge Etchingham noted that BAE Systems was entitled to be reimbursed by the Special Fund for certain overpayments. Id. at 25. Judge Etchingham also held that Teruya had no disability related to his injury to his right hand. Id. at 21.

Teruya appealed Judge Etchingham's Decision and Order to the Benefits Review Board. See Benefits Review Board Decision and Order, attached as Exhibit "B" to ECF No. 1. Teruya challenged the stipulated date of maximum medical improvement, the finding that his right hand injury was not compensable, and BAE Systems' entitlement to a credit for certain payments it had made. Id. at 3-5. The Benefits Review Board remanded the case for inflationary adjustments to the loss of wage-earning capacity

5

calculations and for further consideration of Teruya's

entitlement to temporary benefits prior to February 9, 2006.  Id.

at 8.  All other decisions were affirmed.  Id.  Among other

things, the Benefits Review Board found that:

> To the extent claimant challenges the
> administrative law judge's determination that
> employer is entitled to a credit for benefits
> paid, we reject claimant's challenge.
> Regardless of whether an employer has
> underpaid or overpaid compensation, it is
> entitled to a credit for all benefits it paid
> prior to the award of benefits.  33 U.S.C.
> § 914(j).  That credit does not detract from
> the total amount of the claimant's
> entitlement.  See generally Estate of C.H.
> [Heavin] v. Chevron USA, Inc., 43 BRBS 9
> (2009).  To the extent claimant is
> challenging the administrative law judge's
> order of reimbursement, the administrative
> law judge ordered that the Special Fund, not
> claimant, is to reimburse employer for
> amounts paid in excess of its liability.
> Krotsis v. General Dynamics Corp., 22 BRBS
> 128 (1989), aff'd sub nom.  Director, OWCP v.
> General Dynamics Corp., 900 F.2d 506, 23 BRBS
> 40 (CRT) (2d Cir. 1990).

Id. at 3 n. 4.

On January 11, 2011, Teruya received a letter from

Michael Niss, Director, United States Department of Labor,

Division of Longshore and Harbor Workers' Compensation.  See

Letter and Computations by Michael Niss, attached as Exhibit "C"

to ECF No. 1.  Niss explained that from September 29, 2005,

through December 3, 2010, BAE Systems had paid Teruya at higher

compensation rates than ordered by Judge Etchingham and that

Teruya had been overpaid $39,020.60.  Id. at 1.  Niss said that,

6

to reimburse BAE Systems for its overpayments to Teruya, $188.00 was being deducted from Teruya's weekly checks by the Special Fund and being refunded to BAE Systems.  Id.  According to Niss, Teruya's benefits would be restored to the full weekly rate of $250.67, the amount ordered by Judge Etchingham, on or about November 23, 2014.  Id.

Teruya requested enforcement of Enumerated Order No. 5 of the Decision and Order in a letter to Judge Etchingham dated May 24, 2012.  See Request to Judge Gerald M. Etchingham for the Enforcement of Order, attached as Exhibit "E" to ECF No. 1. Teruya questioned Niss's calculation of the amount overpaid to Teruya and the Special Fund's cutting of weekly benefits paid to Teruya to cover the Special Fund's reimbursement of the overpayment to BAE Systems.  Id.

On June 6, 2012, Administrative Law Judge Richard Clark responded to Teruya's letter, advising Teruya that a decision and order issued by the United States Department of Labor, Office of Administrative Law Judges could only be enforced by a United States District Court.  See Judge Richard Clark Response to Teruya's Request for Enforcement of Order, attached as Exhibit "D" to ECF No. 1.  This action followed.

III.    RULE 12(b)(6) STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party "may assert the following defense[] by motion:

7

. . . (6) failure to state a claim upon which relief can be granted[.]"  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

Under Rule 12(b)(6), review is generally limited to the contents of a complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bokrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  However, courts may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Additionally, documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered by a court in ruling on a Rule 12(b)(6) motion to dismiss.

All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are

8

insufficient to defeat a motion to dismiss.  <u>Sprewell</u>, 266 F.3d

at 988; <u>Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir.

1996).  The court need not accept as true allegations that

contradict exhibits attached to a complaint or matters properly

subject to judicial notice.  <u>Sprewell</u>, 266 F.3d at 988.

IV.     **ANALYSIS**

        Under § 921(d) of the Longshore Act, "if the court

determines that the order was made and served in accordance with

the law, and that such employer or his officers or agents have

failed to comply therewith, the court shall enforce obedience to

the order."  In his Amended Complaint, Teruya, having dropped

earlier allegations concerning Enumerated Order No. 5, asserts

that Defendants have not complied with Enumerated Order No. 2 of

Judge Etchingham's Decision and Order.  This flies in the face of

Teruya's own factual allegations.

        Enumerated Order No. 2 requires that "Employer/Carrier

shall pay Claimant permanent partial disability from February 9,

2006 and continuing for 104 weeks at the weekly compensation rate

of $250.67."  Decision and Order, attached as Exhibit "A" to ECF

No. 1.  Exhibit "C" to the Amended Complaint includes several

documents: the January 2011 letter from Niss to Teruya explaining

that Teruya's payments would be reduced for a period of time to

account for the amount that he had been overcompensated; the LS-

208 Form (Notice of Final Payment or Suspension of Compensation

9

Payments) showing the amount of compensation that Teruya received between September 29, 2005 and December 3, 2010; and the LS-208 Reconciliation form showing the computation of the amount Teruya was overcompensated.  <u>See</u> Letter from Niss, LS-208 Reconciliation and LS-208 Form, attached as Exhibit "C" to ECF No. 1.  Teruya does not allege that the record of payments is incorrect, and the documents he himself offers actually show that BAE Systems did overcompensate Teruya, as indicated in Judge Etchingham's Decision and Order.

Both sides agree that Teruya is presently receiving payments from the Special Fund, not from BAE Systems.  The Special Fund's obligations under the Decision and Order arose only after the Defendants had complied with Enumerated Order Nos. 1 and 2.  Thus, for example, the Decision and Order stated in Enumerated Order No. 4, "Beginning in week 105 from February 9, 2006, and continuing, the Special Fund shall pay Claimant permanent partial disability benefits at the weekly compensation rate of $250.67."

Enumerated Order No. 5 of Judge Etchingham's Decision and Order provides, "Employer/Carrier is entitled to a credit for any excess compensation payments to Claimant and the Special Fund, in turn, shall reimburse Employer any such excess payments with interest . . . within 30 days after receipt of a final form LS-208 showing the Employer's payments to the Claimant."  Thus,

the Special Fund's obligations arose only after BAE Systems had completed it payments.

The crux of the present dispute is whether reimbursement by the Special Fund of BAE Systems' overpayments is a cost to be borne by the Special Fund without affecting payments to Teruya, or an adjustment by the Special Fund that includes payments to BAE Systems and corresponding reductions in payments to Teruya.  Put another way, the parties' dispute focuses on how much Teruya is entitled to receive in weekly payments.  On the one hand, Teruya seeks a windfall in the form of retaining overpayments without any loss in subsequent payments.  On the other hand, the Special Fund seeks to repay BAE Systems by so severely cutting Teruya's weekly allotments that it is easy to imagine the strain on him.  The problem for Teruya is that he has sued BAE Systems, when his battle is with the Special Fund.  No named Defendant is presently handling any payment to Teruya.

In addition to appearing to have sued the wrong party, Teruya has an inflated view of this court's role.  The Longshore Act is a worker's compensation plan that requires employers to compensate their employees for job-related injuries or death. 33 U.S.C. § 904.  Disputes are heard before an Administrative Law Judge.  Id. § 919(d).  Appeals may be made to the Benefits Review Board for internal appellate review.  Id. § 921(b).  Final orders of the Benefits Review Board are reviewable by the United States

11

courts of appeals.  Id. § 921(c).  Section 921(d) of the
Longshore Act provides that the beneficiary of an administrative
compensation order may apply for enforcement of the order to the
United States district court in the judicial district where the
injury occurred, but the role of the federal district court is
limited to enforcing a compensation order that an employer has
failed to comply with.  Id.  A district court cannot affirm,
modify, suspend, or set aside the order.  Thompson v. Potashnick
Constr. Co., 812 F.2d 574, 576 (9th Cir. 1987) (citing Marshall
v. Barnes & Tucker Co., 432 F.Supp. 935, 938 (W.D. Pa. 1977)).
The district court's jurisdiction is limited to screening for
procedural defects; the district court does not have jurisdiction
over the merits of the litigation.  Id.

There is not presently anything to enforce against BAE
Systems.  The real issue seems to be whether the Special Fund is
complying with the Decision and Order by reducing Teruya's

compensation payments to reimburse BAE Systems.[3]  This does not,
on the face of § 921(d), appear to be a matter that could be
remedied by allowing Teruya to file a second amended complaint
naming the person or entity administering the Special Fund as a
Defendant.  Section 921(d) allows a district court to enforce an
administrative compensation order "[i]f any employer or his
officers or agents fails to comply" with the order.  The Special
Fund is not Teruya's employer.  Moreover, Teruya would continue

------------------------------------------

[3] Under § 914(j) of the Longshore Act, an employer that has
made advance payments of compensation is entitled to be
reimbursed out of any unpaid installment or installments of
compensation due.  Thus, if BAE Systems were still making
payments to Teruya, BAE Systems would be entitled to reimburse
itself by withholding the relevant amount from future payments.
See Phillips v. Marine Concrete Structures, Inc., 877 F.2d 1231,
1234 (5th Cir. 1989).  However, BAE Systems has completed all of
its payments to Teruya.  Teruya is currently receiving benefits
only from the Special Fund.  With respect to the merits of
Teruya's claim, BAE Systems points the court to the Fifth
Circuit's reasoning in Phillips.

     In Phillips, the employee argued that it was inequitable to
reduce the amount of benefits to him to account for overpayments.
Id. at 1237 n.4.  The court acknowledged that the employee would
likely experience hardship in having his benefits temporarily
reduced, but noted that he had benefitted from overpayments that
he had not been entitled to.  Thus, the court said, it was not
unreasonable or unfair to require the employee to pay that amount
back.  Id.

     Additionally, the Fifth Circuit said that deference was owed
to an agency interpretation (such as Director Niss's reading of
§ 914(j)).  See id. at 1234-1235.  Under this reasoning, an
employer who has made an overpayment but is no longer liable for
any future payments to the beneficiary can be reimbursed for the
overpayment out of future benefits paid to the beneficiary from
the Special Fund.  Id.  This court does not address this issue
here, given Teruya's decision to sue BAE Systems.

to have the burden, as the plaintiff in this case, of
establishing that the person or entity being sued was violating
Judge Etchingham's Decision and Order.  It is not clear how
Teruya could meet his burden of establishing that Judge
Etchingham meant for the Special Fund to reimburse BAE Systems
for overpayments without reducing payments to Teruya.  Nothing in
Judge Etchingham's Decision and Order or in the Benefits Review
Board's ruling makes that clear.  Under those circumstances, it
appears to this court that an amendment naming the Special Fund
would be futile.

## V.        Conclusion

The court dismisses Teruya's action pursuant to Rule
12(b)(6) for failure to state a claim upon which relief can be
granted.  If Teruya has remedy at this point, it is not
attainable by suing BAE Systems in this court.  The court leaves
it to Teruya to investigate whether he may seek clarification by
an Administrative Law Judge of whether Enumerated Order No. 5 in
Judge Etchingham's Decision and Order required the Special Fund
to reimburse BAE Systems for overpayments while continuing to pay
Teruya $250.67 per week beginning with the 105th week from
February 9, 2006.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 11, 2013.



    /s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Teruya v. BAE Systems, James P. Aleccia, and Ernesto Jose, Jr., Civ. No. 13-00003
SOM/KSC; ORDER DISMISSING AMENDED COMPLAINT, ORDER DENYING MOTION FOR JUDGMENT AS A
MATTER OF LAW

15